# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN THOMAS URRY,<br><br>Defendant. | **CR-22-12-GF-BMM**<br><br><br>**ORDER** |

Defendant Benjamin Thomas Urry ("Urry") has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 57); *see* (Doc. 67). The Court appointed counsel to assist Urry in this matter on December 11, 2023. *See* (Doc. 58); (Doc. 59). Urry has provided documentation showing that, over thirty days ago, he filed a request with the warden of his facility. (Doc. 71.) This filing satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A). Urry seeks immediate release. *See* (Doc. 67 at 9-11.) The United States opposes Urry's motion. (Doc. 69.) The Court now denies Urry's Motion for Compassionate Release.

The Court may, after considering the sentencing factors in 18 U.S.C. § 3553(a), reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(a)(1)(A). An

"extraordinary and compelling reason" justifying release may exist where "[t]he defendant is suffering from a serious physical or medical condition, [or] suffering from a serious functional or cognitive impairment [. . .] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(ii). An "extraordinary and compelling reason" justifying release also may exist where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [U.S.S.G. § 1B1.13(b)] paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of [the U.S.S.G.] policy statement." U.S.S.G. § 1B1.13(d).

Urry seeks release because he experiences increased anxiety and physical health concerns due to his separation from his family and his service dog. (Doc. 67 at 8.) He notes feeling isolated from family members in part due to instances such as Bureau of Prisons ("BOP") staff disallowing his brother to visit after his brother traveled to the facility holding Urry and the non-delivery of correspondence from his mother. (*Id.* at 4-5.) Urry also argues that BOP has failed to provide adequate treatment of his Autism symptoms. *See* (*Id.* at 2.) Urry points to delays in and

changes to his medication by BOP staff early in his term of incarceration as a basis for sentence reduction. (*Id.* at 4.) Urry further cites what he believes to have been solicitation by another inmate early in his term of incarceration. (*Id.*) Urry does not represent that medication issues or inmate solicitation has continued after instances early in his custodial term. *See generally* (*id.*)

Urry's mental health conditions, although serious, preexisted his current term of incarceration. (Doc. 56); *see* (Doc. 47.) The Court considered at Urry's recent sentencing hearing on January 26, 2023, Urry's mental health conditions and those conditions' potential negative implications for Urry's custodial experience. *See* (Doc. 47); (Doc. 55). Urry's ability to complete programming such as in "Traumatic Stress and Resilience" indicates that he remains able to provide self-care in custody while suffering the same or similar mental health challenges he suffered prior to incarceration. *See* (Doc. 67-5.) Indeed, Urry's demonstrated willingness to participate in and demonstrated ability to complete such programming suggests that Urry's continued incarceration remains likely to provide him with "needed educational or vocational training, medical care, or other correctional treatment." *See* 18 U.S.C. 3553(a)(2)(D). Urry fails to show that he suffers from any serious functional or cognitive impairment that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* U.S.S.G. § 1B1.13(b)(1)(B)(ii).

The Court notes the seriousness of Urry's offense. Urry possessed over sixty images and over a dozen videos depicting child pornography. (Doc. 56.) These images depicted children as young as five or six years old. (*Id.*) The Court also determines that the time Urry already has served in custody does not satisfy the sentencing goals of just punishment, deterrence, and promoting respect for the law. *See* 18 U.S.C. 3353(a). Urry has served less than half of his 40-month custodial sentence. *See* (Doc. 67 at 2.) The sentencing factors weigh against modifying Urry's sentence for these reasons.

Urry has failed to demonstrate extraordinary and compelling reasons to reduce his sentence at this time. The approximately sixteen months that he has served, notwithstanding his complained-of ailments, do not satisfy the federal sentencing goals described in 18 U.S.C. § 3553(a). The Court declines to grant Urry's motion at this time.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that

Urry's Motion (Doc. 57) is **DENIED**.

**DATED** this 30th day of July, 2024.

_____
Brian Morris, Chief District Judge
United States District Court

4